UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**RYAN CLIFFORD BRADFORD and JUDY KAY BRADFORD, dba Pitchfork Cattle Co.,**<br><br>    Debtor. | Case No. 17-01571-TLM |
| **RYAN CLIFFORD BRADFORD and JUDY KAY BRADFORD,**<br><br>    Plaintiffs,<br><br>v.<br><br>**BANK OF EASTERN OREGON, a National Banking Association,**<br><br>    Defendant. | Adv. No. 18-06023-TLM<br><br>Dist. Case No. 1:18-cv-00397-BLW |

**REPORT AND RECOMMENDATION TO THE DISTRICT COURT REGARDING DISMISSAL OF ADVERSARY PROCEEDING AND DENIAL OF MOTION TO TRANSFER VENUE**

On August 16, 2018, Ryan and Judy Bradford ("Plaintiffs") filed a complaint and demand for jury trial in this Bankruptcy Court commencing Adversary No. 18-06023-TLM. Adv. Doc. No. 1 ("Complaint"). The Complaint pleaded causes of action for "Breach of Contract – Negligence," "Breach of Contract – Intentional," "Fraud," "Waiver," "Unjust Enrichment," "Breach of Fiduciary Duty – Duty of Loyalty,"

REPORT AND RECOMMENDATION - 1

"Intentional Interference with Economic Relations," "Negligence," "Accounting," and "Defamation." *Id*. The following day, Plaintiffs filed a motion to withdraw reference under 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011(a). Adv. Doc. No. 7; Dist. Ct. Doc. No. 1. Subsequently, Plaintiffs filed, in the District Court, a motion to transfer venue. Dist. Ct. Doc. No. 4.

On January 3, 2019, the District Court entered a Memorandum Decision and Order, Dist. Ct. Doc. No. 13, that granted Plaintiffs' request for withdrawal of reference once the proceeding was ready for trial but denied it to the extent an immediate withdrawal was sought. That Decision and Order further instructed this Court to "preside over all pretrial matters in this case, including discovery and pretrial conferences, and resolve routine and dispositive motions, including the pending Motion to Transfer Venue (Dkt. 4). If either party files a dispositive motion, the bankruptcy court will entertain that motion and submit proposed findings of fact, conclusions of law, and a recommendation for disposition to this Court." *Id.* at 12.

On January 9, 2019, this Court heard matters in Plaintiffs' underlying chapter 12 case. Based on the record in that case, and for the reasons stated orally, the Court dismissed the chapter 12 case pursuant to 11 U.S.C. § 1208(c)(1) and (c)(9). Case No. 17-01571-TLM at Doc. No. 346.

The Ninth Circuit has established a four-part test to determine whether a court should retain an adversary proceeding after the underlying bankruptcy case has been dismissed. *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327, 328 (9th Cir. 1992). The standards that "govern the bankruptcy court's discretion" whether to retain

REPORT AND RECOMMENDATION - 2

the case are informed by the authority and guidance given district courts when considering whether to retain pendant state claims after federal claims have been dismissed. The *Carraher* considerations are economy, convenience, fairness and comity. *Id.* (citations omitted). Those standards have been regularly used by the Bankruptcy Appellate Panel when evaluating such matters. *Szanto v. Szanto (In re Szanto)*, 2016 WL 3209463, *4–5 (9th Cir. BAP May 31, 2016); *Zegzula v. JPMorgan Chase Bank, N.A. (In re Zegzula)*, 2015 WL 5786572 (9th Cir. BAP Oct. 2, 2015); *Sanders v. United States Tr. (In re Sanders)*, 2013 WL 1490971 (9th Cir. BAP Apr. 11, 2013); *Linkway Inv. Co., v. Olsen (In re Casamont Investors, Ltd.)*, 196 B.R. 517, 523 (9th Cir. BAP 1996).

Jurisdiction of this adversary proceeding is based on 28 U.S.C. § 1334(b). Adv. Doc. No. 1 at 2. Under that grant, the district court has jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." The terms "arising under" and "arising in" are "terms of art." *Eastport Assocs. v. City of Los Angeles (In re Eastport Assocs.)*, 935 F.2d 1071, 1076 (9th Cir. 1991). As explained in *Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124 (9th Cir. 2010), a matter "arises under" the Bankruptcy Code "if its existence depends on a substantive provision of bankruptcy law, that is, if it involves a cause of action created or determined by a statutory provision of the Bankruptcy Code." *Id.* at 1131. Further, a proceeding "arises in" a bankruptcy case "if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code." *Id.*

REPORT AND RECOMMENDATION - 3

The several causes of action in the Complaint are state law claims. None "arise under" the Bankruptcy Code or "arise in" the bankruptcy case within the ambit of the authorities. Rather, the state law claims asserted by Plaintiffs are "related to" the bankruptcy in the sense that "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy" or "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Marshall v. Stern (In re Marshall)*, 600 F.3d 1037, 1055 (9th Cir. 2010). As the District Court noted in its Decision and Order, "[t]he Bradfords' claims arise only under state law and . . . they seek to augment the bankruptcy estate." Dist. Ct. Doc. 13 at 7.

Judicial economy does not weigh in favor of retaining jurisdiction over recently filed actions. *Casamont Investors*, 196 B.R. at 523–24 ("retention of jurisdiction . . . [is] improper when the initiation of the dispute was recent"); *cf. Carraher*, 971 F.2d at 328 (adversary proceeding pending six years at time of dismissal of case weighed in favor of retention). The action here is, relatively speaking, in its infancy.

Convenience does not weigh in favor of retention. As stated in *Sanders*, "nothing prevented [plaintiff] from pursuing his claims in state or, if applicable, federal court. The inconvenience of having to re-file a complaint in state court does not warrant retention of jurisdiction." 2013 WL 1490971, *9 (citing *Casamont Investors*, 196 B.R. at 524).

The relative youth of the action also informs the question of whether "fairness" supports retention. Nothing here suggests it would be unfair for Plaintiffs to assert their

REPORT AND RECOMMENDATION - 4

claims in state court. And, finally, because all claims are based on state law, the factor of comity weighs in favor of dismissal.

Based on the foregoing, this Court recommends to the District Court that the instant adversary proceeding not be retained now that the underlying chapter 12 case has been dismissed. This action should be dismissed without prejudice.

Also before the Court is the Plaintiffs' Motion to Transfer Venue. That motion addresses, in part, the unique circumstances of Plaintiffs' Oregon bankruptcy case filed in Malheur County, Oregon which—by reason of a long standing agreement between the Districts of Idaho and Oregon—is heard and administered by the Bankruptcy Court for the District of Idaho. Should the District Court agree with this Court's recommendation set forth above and dismiss Plaintiffs' action without prejudice given the dismissal of the underlying chapter 12 case, this Court recommends to the District Court that the Motion to Transfer Venue be denied as moot.

DATED: January 9, 2019

_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

REPORT AND RECOMMENDATION - 5